[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at Mendham, New Jersey, on June 15, 1963. The plaintiff has continuously resided in Connecticut for approximately twenty seven years. The parties have five children, only one of whom is a minor, Heidi, born November 25, 1977. The evidence indicates that this marriage has irretrievably broken down. In his cross complaint, the defendant has requested that the marriage be dissolved. Judgment may enter dissolving the marriage on the ground of irretrievable breakdown.
The plaintiff, age 57, is a registered nurse. For most of the marriage, she worked on a regular basis and filled the role of homemaker, tending the needs of the plaintiff and their five children. She was diagnosed several years ago as having a bipolar disorder. This has resulted in hospitalizations over the years and her being unable to work at the present time.
The defendant, age 54, holds various degrees in education and teaches at New Canaan High School. He indicates no health problems. The defendant impressed the court with his ambitious work schedule and his dedication to athletics. He holds several part time jobs in addition to his regular employment.
The evidence reveals that each party contributed to the breakdown of their marital relationship. It is unfortunate that they have been unable to solve their problems. Both have impressed the court with their work ethic and interest in raising children.
The court has carefully considered the criteria set forth in Connecticut General Statutes Sections 46b-56, 46b-62, 46b-81,46b-82 and 46b-84 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
(1) The parties shall have joint legal custody of their minor child, Heidi. The child will reach majority in November, 1995. After consultation with the child, the parties shall agree as to who will have physical custody. If the parties fail to agree, upon request, the court will hold an evidentiary hearing on the issue.
(2) The defendant shall pay to the plaintiff as periodic alimony the sum of $2,500 per month. This obligation is effective July 15, 1995. For the month of July, only, the defendant shall pay the plaintiff the sum of $1,250, payable immediately, for the period of July 15, 1995 through July 31, 1995.
Commencing August 1, 1995, the payment of $2,500 shall be made on the first day of each month, in advance. The payments CT Page 7976 shall continue until the death of either party or the remarriage of the plaintiff, whichever event first occurs.
In the event the minor child resides with the plaintiff, this order will not change and will be considered an unallocated order. The child's reaching majority shall not be a basis for modifying this order.
In the event the minor child resides with the defendant, the order shall not change.
A contingent wage withholding order may enter.
(3) The family residence is scheduled to be sold in July, 1995. From the gross proceeds of sale, the broker's commission, the customary closing costs and fees and the current mortgage shall be paid. The net proceeds shall be equally divided between the parties.
(4) The stock investments and Cornerstone bank accounts shall be split equally between the parties.
(5) The defendant shall transfer to the plaintiff, by Qualified Domestic Relations Order (QDRO) or other appropriate instrument, fifty (50%) percent of his retirement and annuity plans, valued as of June 30, 1995. In the interim, while the documentation is being processed for the transfer, the defendant shall do nothing to impair said plans, or withdraw funds therefrom. The court retains jurisdiction to modify the QDRO to comply with federal or state law relating to retirement/pension plans.
(6) The defendant is awarded his Ford automobile, his motorcycle and his credit union bank account.
(7) The parties shall divide their personal property, not covered herein, by agreement. The court reserves jurisdiction to decide this issue if the parties fail to agree.
(8) The defendant shall maintain his present health insurance policy for the benefit of the parties' minor child, and the parties shall equally share any unreimbursed or uncovered medical bills for said child. An order pursuant to General Statutes, Section 46b-84(d) shall enter.
In addition, the defendant shall permit the plaintiff to CT Page 7977 convert coverage under said policy for her benefit under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) for the statutory period at the plaintiff's sole expense.
(9) The defendant shall pay to the plaintiff the sum of $2,350. This is to reimburse the money, approximately. $1,900, drawn down by the Union Trust Company to cover an overdraft on the joint family account and to reimburse the plaintiff for bank charges related thereto in the amount of $450.
(10) The plaintiff shall be responsible for the payment of the liabilities listed on her financial affidavit and indemnify and hold harmless the defendant from any liability thereon.
(11) The defendant shall irrevocably designate the plaintiff as beneficiary of life insurance in the amount of $150,000 so long as the defendant is obligated to pay alimony hereunder, and shall execute and deliver to the plaintiff an authorization directed to the life insurance company to enable the plaintiff to obtain information as to the status of the policy. Upon request, the court will hold an evidentiary hearing as to the amount of insurance if the defendant finds the cost thereof prohibitive in his opinion.
(12) Each party shall pay her or his own attorney's fees.
(13) The plaintiff is awarded her entire interest in the Oostdyk trust.
Judgment may enter accordingly.
NOVACK, J.